IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-256-BO

| | | |
|---|---|---|
| LATASHA NICOLE FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AT&T MOBILITY SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has failed to reply within the time provided, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion for summary judgment is granted in part and denied in part.

## BACKGROUND

Plaintiff filed this action on June 11, 2015, alleging claims for willful violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, by defendant and for negligent termination. Plaintiff alleges that she was hired by defendant on May 29, 2012, as a customer care representative. Plaintiff's duties entailed being at her desk for up to eight hours per shift. On May 17, 2013, plaintiff received an accommodation from defendant, labeled as "ADA/FMLA attendance", based on her high risk pregnancy which provided plaintiff with additional five minute bathroom breaks every two hours from April 2, 2013, to November 13, 2013; additional five minute snack breaks every two hours from April 2, 2013, to November 13, 2013; leave from work due to her medical condition on March 11, 2013, March 27, 2013, March 28, 2013, April 11, 2013,

May 2, 2013, May 3, 2013, and May 6, 2013; and no lifting over twenty-five pounds from April 2, 2013, to November 13, 2013. [DE 31-3].

Plaintiff alleges that this information was to be presented to her supervisor, Rhonda Atkins, but that Atkins informed plaintiff that she would not assist plaintiff with customer calls nor would she allow her to take extra bathroom breaks; plaintiff further alleges that on one occasion Atkins stated that she hoped plaintiff lost her baby. On that same occasion, plaintiff experienced cramps and nausea and requested that Atkins contact and ambulance, and Atkins laughed. Plaintiff alleges she was suspended with pay on June 2, 2013, by area manager J. Carr purportedly so that plaintiff would not have to use any more days from her FMLA accommodations. On June 12, 2013, while plaintiff was on paid suspension, plaintiff was notified that her employment with defendant was terminated.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a

2

reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

The FMLA entitles employees to take "reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(2). The Act allows eligible employees to take a total of twelve workweeks of leave during any twelve month period due to a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). If agreed to by the employee and the employer, FMLA leave may be taken intermittently or on a reduced leave schedule. 29 U.S.C. § 2612(b)(1).

The Act also contemplates protection from discrimination for employees who exercise their rights under the FMLA. 29 U.S.C. § 2615(a)(2); *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 160 (1st Cir. 1998). Specifically, "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." 20 C.F.R. § 825.220(c). The proscription of discrimination or retaliation against an employee for exercising their rights under the FMLA is analogous to the proscription of discrimination and retaliation found in Title VII. *Yashenko v. Harrah's N.C. Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006). To that end, in order to establish a prima facie case of FMLA retaliation a plaintiff must demonstrate that (1) "he engaged in protected activity," (2) "the employer took adverse action against him," and (3) "the adverse action was causally connected to the plaintiff's protected activity." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). Close temporal proximity between the adverse employment decision and protected activity can establish a prima

3

facie case of causality. *Williams v. Cerebonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989). Once a prima facie case of FMLA retaliation has been established, the employer must come forward with a legitimate, non-discriminatory basis for the adverse employment action, which the plaintiff may rebut by demonstrating that such basis is mere pretext for retaliation. *Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 502 (4th Cir. 2001).

Defendant concedes that it is an employer covered by the FMLA, that plaintiff became eligible for FMLA coverage one-year after the start of her employment, and was covered by the FMLA when her employment was terminated. *See* 29 U.S.C. § 2611. After plaintiff became eligible under the statute for FMLA leave, she took FMLA leave on May 29, June 1, and June 2, 2013; defendant further concedes that a close temporal proximity exists between plaintiff's leave and her termination and thus that plaintiff has established a prima facie case for FMLA retaliation.

Although defendant has proffered that plaintiff's employment was terminated due to repeated violations of the AT&T Code of Business Conduct, specifically citing to two incidents on May 25, 2013, and June 2, 2013, a genuine issue of material fact exists as to whether such basis is merely pretextual. On May 25, 2013, defendant contends that plaintiff's actions warranted discipline because she left her workstation, failed to properly clock-out, and exceeded her five minute break accommodation. Plaintiff contends that this incident occurred because she felt severely nauseated and needed to take a break to take medication and that Atkins' response to plaintiff was unreasonable, especially in light of Atkins being on notice of plaintiff's high-risk pregnancy and her accommodations. [DE 28-2]. Plaintiff further requested that an ambulance be summoned because of the severity of her symptoms, at which she contends Atkins laughed.

The June 2, 2013, incident concerned plaintiff's engagement in aggressive behavior and use of profanity. Plaintiff's evidence supports that she used the word "stupid," which she did not

4

consider to be profane, and that she was not aggressive. Plaintiff's evidence also supports that she was not disciplined on June 2, 2013, as defendant has proffered, but rather that she was placed on paid suspension so that she would not need to continue to use FMLA leave. [DE 31-1; Foster Dep.]. Plaintiff further argues that the decision to place her on paid suspension rather than to allow her to take her FMLA leave was calculated to enable defendant to terminate plaintiff's employment while she was on suspension rather than while she was taking FMLA leave. There is sufficiently conflicting testimony in the record regarding defendant's motivations such that summary judgment is inappropriate on plaintiff's FMLA retaliation claim.[1] *Compare, e.g.,* [DE 31-1; Foster Dep.] *with* [DE 28-4; Atkins Decl.].

Defendant is, however, entitled to summary judgment in its favor on plaintiff's claim for negligent termination. Defendant contends and plaintiff does not dispute that as an employee of defendant she was subject to a collective bargaining agreement. Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, "provides federal courts with jurisdiction over employment disputes covered by collective bargaining agreements," *McCormick v. AT & T Techs., Inc.*, 934 F.2d 531, 534 (4th Cir. 1991) (en banc), and further preempts state law where its application would require interpretation of the collective bargaining agreement. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988). Where a court would be required to determine whether an employer's actions were negligent, such determination must take place within the context of the circumstances present, which here include the presence and terms of a collective

---

[1] The Court recognizes that plaintiff's complaint fails to use the term "retaliation" in reference to her FMLA claim, but a plain reading of the complaint leads to the conclusion that it is this type of claim which plaintiff has raised, and defendant is further on notice of the claim as it has fully addressed it in its summary judgment motion. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted) (Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests.").

5

bargaining agreement. *See Alvey v. Ball Corp.*, 162 Fed. App'x 267, 271 (4th Cir. 2006); *see also McCormick*, 934 F.2d at 536 (state law tort claims preempted where necessary to determine whether duty of care exists or to define nature and scope of that duty).

As any duty owed to plaintiff by defendant would have arisen from the collective bargaining agreement, and plaintiff has failed to provide any argument or evidence to the contrary, her negligent termination claim is preempted by Section 301 of the LMRA and summary judgment in favor of defendant is appropriate. *See also Salamea v. Macy's E., Inc.*, 426 F. Supp. 2d 149, 154 (S.D.N.Y. 2006) (negligent termination claim brought in at-will employment state by plaintiff covered by collective bargaining agreement preempted by Section 301).

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [DE 25] is GRANTED IN PART AND DENIED IN PART. The clerk is DIRECTED to refer this matter to the appropriate United States Magistrate Judge for pretrial conference on plaintiff's FMLA claim.

SO ORDERED, this **27** day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6